UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

AVERY TINGLE,

    Plaintiff,

v.

STATE OF NEW YORK, et al.,

    Defendants.

———————————————————————



20-CV-423-JLS

## DECISION AND ORDER

*Pro se* Plaintiff Avery Tingle, a prisoner confined at the Clinton Correctional Facility, filed this civil rights action seeking relief under 42 U.S.C. § 1983. He alleges that his constitutional rights were violated when he fell into a pothole and was injured while playing basketball in the recreation yard of the Attica Correctional Facility ("Attica"). In the Court's initial screening order, Tingle was granted leave to proceed *in forma pauperis* and amend his pleadings. Dkt. 5.

Currently before the Court is the amended complaint. Dkt. 6. Tingle also submitted grievances relating to this matter. Dkt. 8. Upon its initial review of the amended claims for sufficiency, as required by 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), the Court concludes that Tingle has failed to state a claim on which relief may be granted. This action is dismissed with prejudice.

## DISCUSSION

### I. Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

In evaluating the amended complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v.*

*McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

To state a claim under 42 U.S.C. § 1983, the plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against a prison official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the prison's chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Personal involvement of the supervisory official can be shown by (1) direct participation in the constitutional violation; (2) the failure to remedy the violation after learning of it; (3) a custom or policy created by the official that "foster[ed] the violation, or allow[ing] the custom or policy to continue after learning of it"; or (4) gross negligence in the supervision of

subordinates who caused the violation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997).

## II.     Tingle's Allegations

On October 19, 2017, Tingle was playing basketball in the "D-Block" recreation yard at about 8:00 P.M. when he stepped out of bounds and into a "huge pothole" that was "directly next to" the court. Dkt. 6, at 7. He was taken to the medical unit in a wheelchair; an x-ray performed the next day revealed that he sustained a sprained ankle; and he was giving pain medication. *Id*. Tingle also sustained a painful lower back injury, which, despite his repeated complaints, remained undiagnosed until he was taken to the Wende Correctional Facility medical unit to get an MRI on January 3, 2019. *Id*. at 7, 9.

The MRI results revealed damage at "L4-L5 [and] L5-S1 as well as [a] large disc protrusion on the left [side] at L4-L5." *Id*. at 9. He was given "Amitripyline" for pain, sent to physical therapy and given regular steroid shots in the lower back. *Id*. However, Tingle continues to experience pain on a daily basis, and he has been advised that he needs lower back surgery. *Id*. After the incident, Tingle was told that the named Defendants, all Attica maintenance assistants and general mechanics, created the pothole as part of a plan to move the basketball post, but they never moved the post or filled in the hole, nor did they tape off or place warnings in the area. *Id*.

### III. Failure to Repair Pothole

In the amended complaint, Tingle argues that the named Attica employees created the pothole hazard and failed to protect him from falling. But these amended claims against the maintenance staff merely state a claim of negligence.

It is well-established that negligence is not actionable under Section 1983. *See Davidson v. Cannon,* 474 U.S. 344, 347-48 (1986) (holding that plaintiff must show abusive conduct by government officials rather than mere negligence or lack of due care). A government official's action that causes "injury to life, liberty, or property is merely negligent, [and] no procedure for compensation is *constitutionally* required." *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (dismissing Section 1983 action brought by inmate who for injuries sustained when he slipped on a pillow negligently left on the prison stairway) (internal quotation marks omitted) (emphasis in original). This rule has been "routinely" applied to Section 1983 claims related to falls suffered by prisoners. *See Anderson v. Lalley*, No. 12-CV-6355-FPG, 2015 WL 6686586, at *10 (W.D.N.Y. Oct. 29, 2015) (collecting cases); *Flowers v. City of New York (DOCS)*, 668 F. Supp. 2d 574, 578 (S.D.N.Y. 2009) ("Any claim against the City for the slip and fall that resulted in plaintiff's ankle injury–a garden variety tort–is not cognizable under Section 1983 and must be litigated in state court."); *Graham v. Poole*, 476 F. Supp. 2d 257, 260 (W.D.N.Y. 2007) ("[A]ll that plaintiff has alleged is that defendants failed to exercise due care in not installing non-slip mats in the shower. That is not enough."); *Jones v. Nassau Cty. Sheriff Dep't*, 285 F. Supp. 2d 322, 326 (E.D.N.Y. 2003) (concluding that prison

officials' failure to remedy the wet shower area with rubber mats "was not caused in any manner by a cognizable constitutional violation").

Similarly, here, while unfortunate, the failure of the maintenance staff to fill in the hole or put up warning signs amounts to "a garden-variety tort claim that does not concern basic human needs or constitutional rights [and] 'suggests no more than a failure to measure up to the conduct of a reasonable person.'" *Anderson*, 2015 WL 6686586, at *11 (quoting *Daniels*, 474 U.S. at 332); *see, e.g.*, *Abdul-Jabbar v. West*, No. 05-CV-0373F, 2009 WL 2762270, at *1 (W.D.N.Y. Aug. 26, 2009) (noting the prior dismissal of inmate's claim that two prison officials failed to repair a pothole that caused him to fall and become injured on the ground that such "negligence . . . cannot support a § 1983 claim").

### IV. Deliberate Indifference to Medical Need

To the extent that Tingle alleges that his lower back pain went undiagnosed for more than a year after his fall, he has again failed to state an Eighth Amendment claim for deliberate indifference to medical need.  A claim of inadequate medical care rises to the level of a constitutional violation only when a defendant, operating under color of law, was deliberately indifferent to the plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).  A serious medical condition "exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132,

136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). "[M]ere medical malpractice is not tantamount to deliberate indifference, [but] certain instances of medical malpractice may rise to the level of deliberate indifference," such as "when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks and citation omitted).

Here, the amended pleadings fail to correct the deficiencies of the original complaint. First, the amended complaint fails to name any defendants that were personally involved in Tingle's medical care. Second, there are no allegations that rise to the level of deliberate indifference. To present an Eighth Amendment claim, a plaintiff must allege that the defendant had actual knowledge of the plaintiff's serious medical needs but was deliberately indifferent thereto. *See Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003). In his amended complaint, Tingle does not allege that any of the Defendants had actual knowledge of, and were deliberately indifferent to, his serious medical needs.

Accordingly, Tingle's claims must be dismissed.

## CONCLUSION

For the reasons stated above, the amended complaint is dismissed with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Clerk of Court is directed to close this case. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order

would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:      December 29, 2020
            Buffalo, New York

_____
JOHN L. SINATRA, JR
UNITED STATES DISTRICT JUDGE